## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 16 2019, 10:21 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Andrew Bernlohr<br>Indianapolis, Indiana | Curtis T. Hill, Jr.<br>Attorney General<br><br>George P. Sherman<br>Supervising Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Michael Hicks,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | July 16, 2019<br><br>Court of Appeals Case No.<br>18A-CR-2819<br><br>Appeal from the<br>Marion Superior Court<br><br>The Honorable<br>David Hooper, Magistrate<br><br>The Honorable<br>Amy M. Jones, Judge<br><br>Trial Court Cause No.<br>49G08-1805-CM-16082 |

**Vaidik, Chief Judge.**

Michael Hicks contends that the evidence is insufficient to support his conviction of Class A misdemeanor criminal trespass for knowingly entering Meadowlark Apartments in May 2018 after having been denied entry. At a bench trial, the State presented evidence that Hicks signed an "Official Ban/No Trespass Notice" in April 2018, which stated that Hicks was banned from Meadowlark Apartments "for life" and would be subject to arrest for criminal trespass if he returned. Ex. 1. At trial, Hicks admitted that he signed the trespass notice but claimed that after signing it, he met with a manager of the apartments and was left "under the impression" that he was not actually banned from the property. Tr. p. 31. The judge, however, discredited Hicks' testimony and found him guilty of criminal trespass. On appeal, Hicks repeats his claim that he did not think he was banned from Meadowlark Apartments because of the meeting he had with the manager. This argument is nothing more than an invitation to judge the credibility of the witness, which we decline to do. *See Leonard v. State*, 80 N.E.3d 878, 882 (Ind. 2017). We therefore affirm Hicks' conviction.

Affirmed.

Kirsch, J., and Altice, J., concur.